<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMES VANDER VEER and ILELE STERN, on behalf of themselves and all others similarly situated, | : : : : | Civil Action No. 11-3951 (PGS) |
| Plaintiffs, | : : | MEMORANDUM AND ORDER |
| v. | : : | |
| MAIBEC INCORPORATED, | : : | |
| Defendant. | : | |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion for reconsideration of the Court's November 5, 2012 Memorandum and Order denying in part and granting in part Defendant, Maibec Incorporated, motion to dismiss Plaintiff's first amended complaint (ECF No. 27).

Defendant Maibec argues that "this Court correctly dismissed Counts One (New Jersey Consumer Fraud Act), Six (Negligence), Seven (Strict Products Liability), Eight (Unjust Enrichment), and Nine (Sections 349 and 350 of New York's General Business Law)" but "there was no basis to allow the remaining counts to stand." The remaining Counts Two, Three, Four, and Five allege breaches of contract, express warranty, and the implied warranties of fitness for a particular purpose and merchantability, respectively. Rather than repeating all of the facts, the Court relies on the facts presented in its Memorandum and Order (ECF 27).

Defendant's chief argument is that the Court improperly employed the *Conley v. Gibson* standard rather than the *Twombly/Iqbal* standard in deciding the motion to dismiss. More

particularly, Defendant argues that the Court relied on, and based its decision solely upon the conclusory allegations, and that "the product warranty simply does not cover the alleged cupping of natural wood shingles."

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).*

In applying the reconsideration standard to the Court's Memorandum and Order, it is clear that the Court applied the *Twombly/Iqbal* standard (See Memorandum and Order, ECF No. 27). The decision does not mention the *Conley* case which the Defendant infers that the Court had applied. That assertion is incorrect, and the *Twombly/Iqbal* standard is mentioned a number of times. Although the Court cited an outdated case (*Semerenko v. Cendant Corp.*, 223 F.3d 165,

173 (3d Cir. 2000), that section of the memorandum principally refers to the *Twombly/Iqbal* standard.

The Defendant argues that the "cupping" of shingles is not covered by the warranty, but the motion to dismiss analyzes the plausibility of the alleged claims, and the continued cupping or buckling of shingle, as alleged, plausibly breaches a contract or warranty.

The notion that cupping is different from other defects is an issue that must be assessed during discovery and with expert testimony.

Maibec is attempting to convert the standard to dismiss into a more rigid standard. Such is not appropriate here where there are plausible claims seeking relief. As such, the motion for reconsideration is denied.

## ORDER

IT IS on this 12th day of April, 2013

ORDERED that the motion for reconsideration (ECF No. 28) is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.