UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|                                                                               |                                      |
|-------------------------------------------------------------------------------|--------------------------------------|
| ILENE STERN, on behalf of herself and all others similarly situated,          | Civil Action No. 3:11-cv-03951 (PGS) |
| Plaintiffs,                                                                   | **MEMORANDUM AND ORDER**             |
| v.                                                                            |                                      |
| MAIBEC INCORPORATED,                                                          |                                      |
| Defendants.                                                                   |                                      |

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant Maibec Incorporated's ("Maibec") motion to dismiss Plaintiff's New York General Business Law ("NYGBL") Section 349 claim in the Second Amended Complaint ("SAC"). Maibec brings its motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 37).

On July 8, 2011, James Vander Veer, formerly named plaintiff in this matter, filed a complaint on behalf of himself and all others similarly situated against Maibec. On September 23, 2011, Vander Veer filed a First Amended Complaint ("FAC") (ECF No. 9), which added Ilene Stern as a named plaintiff. On October 5, 2011, Vander Veer filed a notice of voluntary dismissal (ECF No. 12). As such, the only named plaintiff in this matter is Ilene Stem. On November 5, 2012, this Court issued a Memorandum and Order granting in part and denying in part Maibec's motion to dismiss the FAC. (ECF No. 27). Subsequently, on January 15, 2013,

Stern filed the Second Amended Complaint. (ECF No. 31). Maibec filed the instant motion to dismiss Plaintiffs NYGBL Section 349 claim. For the reasons set forth below, the Court denies Maibec's motion to dismiss.

I.

Plaintiff brings this action on behalf of herself, a purchaser of Maibec shingles, and a class of similarly situated property owners against Maibec. Maibec is a Canadian corporation with its principal place of business in Quebec, Canada. Maibec is the leading manufacturer of cedar shingles in North America and Canada's leading manufacturer of wood siding. Plaintiff alleges that, at all times relevant to this matter, Maibec was engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing of wood shingles that have been installed in numerous homes, offices, buildings, and other structures throughout the United States, including in New Jersey and New York.

According to Plaintiff, Maibec's shingles have, until recently, generally been considered to be very high quality. Contrary to Maibec's representations and its warranty, its shingles are allegedly plagued by design flaws that result in decay, including warping, peeling, cracking, buckling and curling. Maibec continues to sell them to the public and allegedly continues to make false representations and warranties, despite the fact that the shingles allegedly deteriorate well before the warranty expires which causes property damage. Plaintiff claims that Maibec advertised and made false and misleading representations about the reliability and dependability of its shingles.

According to Plaintiff, Maibec's representations were false and misleading because: (1) Maibec knows that its shingles are defective, will fail in a fraction of the time that they are guaranteed for, and are not fit for their intended purpose; and (2) Maibec consistently fails to honor its warranty obligations. Plaintiff further alleges that Maibec knowingly and intentionally concealed and failed to disclose that -- notwithstanding statements on its website, brochures, advertisements and warranties -- its shingles routinely warp, peel, crack, buckle and curl far in advance of the expiration of the warranty period. Further, despite Maibec's representations, the grain orientation on its shingles was of "flat orientation," consistent with the orientation of the lowest quality shingles on the market.

Stern, a resident of Syosset, New York, purchased Maibec shingles from an authorized dealer and had them installed on her home by a reputable contractor in 2008. Plaintiff claims that she selected Maibec shingles over Maibec's competitors because Maibec's wood shingles were represented to be "maintenance free" and of superior quality. In summer 2011, Stern noticed that many of the shingles installed on her house which were exposed to direct sunlight were cupping and buckling, with the unpainted undersides of some shingles having become exposed. She alleges she suffered damage to the underlying structure of her home where the shingles are cupping and/or buckling, thereby diminishing the value of her home.

Plaintiff alleges three other instances where the shingles were defective. Those instances are as follows:

1) David Bashaw hired a contractor to install Maibec shingles on a condominium complex in Rhode Island (para. 46). Barkaw observed that the shingles were curling and buckling (para. 47), and Maibec refused to honor its warranty (para. 49);

2) Vander Veer's company hired a contractor to install Maibec shingles on a residence in New Jersey. The Maibec shingles curled and lifted away from the house (para. 58); and

3) Falcone Contracting purchased Maibec shingles for a renovation project. Within days of installation, the shingles "were warping" and some "decayed" [and] "cracked." (para. 73).

Plaintiff's NYGBL Section 349 claim alleges that Maibec willfully and knowingly committed unfair and deceptive trade practices. Plaintiff further alleges that Maibec knew or reasonably should have known during design, marketing, manufacturing, testing and selling its shingles were subject to early failure. In addition, Plaintiff claims that Maibec refused to honor its warranties or otherwise remedy its defects. In addition, Maibec failed to advise consumers regarding the use and potential problems associated with its shingles. According to Plaintiff, Maibec intended to and did deceive and mislead consumers through its illusory warranties, marketing, promoting and advertising of the shingles, regarding material facts, by causing them to believe that the shingles were a merchantable, viable and warrantable Maibec product, when they in fact were not. Plaintiff further alleges that Maibec, in the course of business, conducted actions that were consumer oriented and affected more than one consumer. According to Plaintiff, Maibec's conduct represents unfair acts or practices that have the capacity to deceive consumers, have deceived consumers, and continue to deceive consumers. As a direct and proximate result of these unfair and deceptive trade practices, Stern claims that she have been damaged as alleged in the Second Amended Complaint

II.

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950.

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949.

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .. Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . " *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); see also *Iqbal*, 129 S. Ct. at 1949-50.

III.

The New York Consumer Protection Act, codified at Section 349 of the NYGBL, declares that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York are unlawful. "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) defendant's deceptive acts were directed

at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam) (citing *Oswego Laborers' LocaL 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995)). The New York Court of Appeals defines "misleading," as one which is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. N.Y. 2007) (citing *Oswego Laborers' Local 214 Pension Fund*, 85 N.Y.2d at 26). The "determinative issue [of a NYGBL Section 349 claim] is whether a plaintiff has set forth enough facts to support the contention that the alleged deceptive act or practice plausibly could have occurred." *Woods v. Maytag Co.*, 2010 U.S. Dist. LEXIS 116595, *43-*44 (S.D.N.Y. 201 0) (internal citation and quotations omitted). Conclusory allegations have been held insufficient to state a claim under Section 349. *Id*. at *44 (internal citations omitted). When the "most significant contentions are made on information and belief, plaintiffs will fail to set forth a cause of action" under NYGBL Section 349. *Id*. at *43 (internal citation and quotation omitted). To establish such plausibility, a Plaintiff is required to set forth specific details regarding the allegedly deceptive acts or practices. *Tinlee Enters. v. Aetna Casualty & Sur. Co.*, 834 F. Supp. 605, 609-10 (E.D.N.Y. 1993)). This Court, in a Memorandum and Order dated November 5, 2012 (ECF No. 27), dismissed Plaintiffs NYGBL Section 349 in the FAC without prejudice and with leave to replead her NYGBL Section 349 claim. The Court found that the most significant allegations concerning Maibec's alleged materially misleading acts and or statements were made upon information and belief which fails to establish their plausibility. (ECF No. 27, p. 12).

Plaintiff amended the pleadings by asserting facts about the claims of Bashaw, Vander Veer and Falcone (see above) which are made upon personal knowledge.

Defendant's contention that the allegations are nothing more than additional allegations made upon information and belief is incorrect. The Second Amended Complaint alleges facts based upon personal knowledge upon which plaintiff relies. These contentions are sufficient to meet the *Twombly* and *Iqbal* standards. They demonstrate the claim is plausible.

ORDER

IT IS on this 11th day of September, 2013;

ORDERED that Defendant Maibec Incorporated's ("Maibec") motion to dismiss (ECF No. 37) is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.